UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

ARCHIE LOCKLEY, )
 )
Plaintiff )  Case No.: 2:17-CV-575-SRW
 )
v. )  COMPLAINT AND DEMAND FOR
 )  JURY TRIAL
ACCOUNTS RECEIVABLE )
TECHNOLOGIES, )
 )
    Defendant )
 )

## COMPLAINT

ARCHIE LOCKLEY ("Plaintiff"), by and through her attorneys, Kimmel & Silverman, P.C., alleges the following against ACCOUNTS RECEIVABLE TECHNOLOGIES ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the Telephone Consumer Protection Act 47 U.S.C. § 227, *et seq.* ("TCPA).

### JURISDICTION AND VENUE

2. This Court's jurisdiction arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant regularly conducts business in the State of Alabama, therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2)

## PARTIES

5. Plaintiff is a natural person residing in Montgomery, Alabama 36107.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Defendant is a corporation with its principal place of business located at 377 Hoes Lane, Suite 200, Piscataway, NJ 08820.

9. Upon information and belief, Defendant is a corporation that provides call center, collections and debt purchase services to companies in the United States.

10. At all times material hereto, Defendant acted as a "debt collector[s]" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. § 1692(a)(5).

11. The principal purpose of Defendant's business is debt collection.

12. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

13. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

14. Upon information and belief, at all times material hereto, Defendant contacted Plaintiff in an attempt to collect a consumer debt, related to a student loan debt.

15. Plaintiff has a cellular telephone number that she has had for over one (1) year.

16. Plaintiff never incurred any debt in connection with a business or commercial activities, and therefore, the debt if truly his could only have arisen from financial obligation for primarily personal, family or household purposes.

17. Beginning in or around August 2015 and continuing through June 2017, Defendant placed repeated telephone calls to Plaintiff's cellular telephone as well as her home telephone in its attempts to collect an alleged debt.

18. When contacting Plaintiff, Defendant used an automated telephone dialing system and/or pre-recorded voice.

19. Plaintiff knew Defendant was using an automated telephone dialing system and/or pre-recorded voice as calls would begin with a pre-recorded message before a live agent would come on the phone.

20. Defendant's calls were not for emergency purposes.

21. Upon initial contact in August 2015, Plaintiff told Defendant to stop calling.

22. Plaintiff also repeatedly informed Defendant's collectors that she did not owe a student loan, that she was no longer in college, and that she had paid off her student loan a few years prior.

23. Once Defendant was aware that Plaintiff did not want calls placed to her cellular telephone and home telephone, Defendant's calls could only have been for the purpose of harassment.

24. Despite Plaintiff's clear revocation of consent, Defendant continued to call Plaintiff's cellular telephone, seeking to collect the alleged debt.

25. Further, Defendant contacted Plaintiff on her home phone, as well, knowing it calls were unwanted.

26. Defendant's actions as described herein were taken with the intent to harass, abuse, and coerce payment from Plaintiff for a debt she did not owe.

## COUNT I
## DEFENDANT VIOLATED §§ 1692d AND 1692d(5) OF THE FDCPA

27. A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

28. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

29. Defendant violated §§ 1692d and 1692d(5) when it caused Plaintiff's cellular telephone and home telephone to ring repeatedly between August 2016 and June 2017 and when it continued to call after it had knowledge that the calls were unwanted.

## COUNT II
## DEFENDANT VIOLATED THE TCPA

30. Under § 227(b)(3)(B) of the TCPA, a person or entity may bring a private cause of action in an appropriate court "to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation whichever is greater."

31. Under § 227(b)(3)(A) of the TCPA, a person or entity may bring a private cause of action in an appropriate court based on a violation of the TCPA or the regulations prescribed under the TCPA to enjoin such violation.

32. Despite the fact that Plaintiff revoked consent to Defendant placing calls to her in August 2015, Defendant repeatedly placed non-emergency calls to Plaintiff's cellular and home telephones.

33. Based upon the conduct of Defendant, Plaintiff avers that the enhancement of damages provided for by the TCPA allowing for Plaintiff to recover up to $1,500 per call/violation be applied to calls placed.

34. Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular and home telephones between August 2015 and June 2017.

WHEREFORE, Plaintiff, ARCHIE LOCKLEY, respectfully prays for judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs, pursuant to 15 U.S.C. § 1693k(a)(3);

    d. Statutory damages of $500.00 per telephone call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

    e. Statutory damages of up to $1,500 for each call in violation of the TCPA, pursuant to 47 U.S.C. §§ 227(c)(5)(B) and 227(c)(5)(C), which permits the Court in its discretion to award such damages if it finds that Defendants willfully or knowingly violated the TCPA; and

    f. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ARCHIE LOCKLEY, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: August 22, 2017

By: _____
Amy L. B. Ginsburg, Esquire
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Facsimile (215) 540-8817
Email: aginsburg@creditlaw.com
Attorney for Plaintiff

PLAINTIFF'S COMPLAINT